ANGLO-AMERICAN PORTLAND CEMENT Co. *v.* SEEBERGER, Collector of Customs.

*(Circuit Court, N. D. Illinois.   July 18, 1889.)*

CUSTOMS DUTIES—CLASSIFICATION.

Merchandise invoiced as "chalk slags," consisting of raw chalk and a small proportion of mud, mixed, dried, and kiln burned, and afterwards crushed into lumps and used in the manufacture of Portland cement by grinding to a fine powder, which in itself makes a fair low order of cement, is assessable for a duty of 20 per cent. *ad valorem* under act Cong. March 3, 1883, (Heyl's Arrangement, cl. 44,) "as cement, Roman, Portland, and all others."

At Law.

Action by the Anglo-American Portland Cement Company against Anthony F. Seeberger, collector of customs, to recover excess duty levied upon certain merchandise imported by them.

*Shuman & Defrees*, for plaintiff.

*W. G. Ewing*, U. S. Dist. Atty., and *G. H. Harris*, Asst. U. S. Atty., for defendant.

BLODGETT, J.   Plaintiffs imported a quantity of what was designated in the invoice as "chalk slags," which the collector assessed for duty at the rate of 20 per cent. *ad valorem*, under clause 44 of Heyl's Arrangement of the act of March 3, 1883, "as cement, Roman, Portland, and all others, 20 per centum *ad valorem*." Plaintiffs insisted that said merchandise was dutiable under clause 95, Heyl, as "non-dutiable crude minerals, but which have been advanced in value or condition by refining or grinding, or by other process of manufacture, not specially enumerated or provided for in this act, ten per centum *ad valorem;*" paid the duties so assessed under protest; appealed to the secretary of the treasury, by whom the action of the collector was affirmed; and brought this suit in apt time to recover the excessive duties claimed to be paid.

The merchandise in question consists of raw chalk from the Dover cliffs in England, and mud taken from the bottom of the Medway river in England, the mud being the smaller proportion of the two ingredients; but the proof does not show how much smaller.   These ingredients are thoroughly mixed, then dried and burned in kilns, and afterwards broken or crushed into lumps of about the size of the ordinary chestnut coal used in this country.   This commodity is used by the plaintiffs in this country in the manufacture of what they call Portland cement, which is done by reducing the merchandise in question to a very fine powder, and then thoroughly mixing it with a certain percentage of carbonate of lime.   The proof also shows that, in the condition imported, the merchandise in question, by being pulverized, makes a fair low order of cement, like the Portland cement, but it does not set as quickly and is not as hard as the good quality of Portland cement.   I do not see how this commodity can be classed as "a non-dutiable crude mineral," and made dutiable under clause 95, as insisted upon by the plaintiffs.   Neither of its constituent

parts comes within the description of "minerals," but are strictly earths or earthy materials. The clause invoked seems to me to have been intended to cover ores of various minerals, which may be found profitable to import into this country, and which may have been purified of their rocky or earthy substances in order to save expense in transportation.

It is further quite apparent from the proof in this case that, even in the condition imported, the commodity in question is a cement within the meaning of clause 44 of Heyl, which includes, not only Portland and Roman cement, but all other cements. It is, as the proof shows, a cement as imported, only requiring to be ground to make it fit for use, but probably is improved and made better by the addition of the carbonate of lime. The provision of the law under which the collector acted, however, does not seem to have reference to any special quality of cement; but all cements are made dutiable at the same rate, whether of the higher order of Portland and Roman cement, or of the more common and cheaper sorts. I am, therefore, of opinion that the collector was justified in the classification and assessment of duty in this case, and that the plaintiffs should not recover.